UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES EDWARD RIVERS,

        Petitioner,

v.                                      Case No. 5:02-cv-195-Oc-10GRJ

FLORIDA PAROLE COMM., et al.,

        Respondents.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **Conviction and Sentence**

On December 8, 1976, Petitioner was convicted of First Degree Murder in Lee County, Florida. Petitioner received a life sentence with a 25-year minimum mandatory. After the completion of his 25-year minimum mandatory term, Petitioner received an initial parole hearing on June 14, 2000.[1] At that hearing, the parole hearing examiner recommended that Petitioner's presumptive parole release date (PPRD) be set at August 9, 2001. However, that recommendation was rejected by the Parole Commission on July 12, 2000. Id at Ex. D. Instead, the parole commission found several aggravating factors and established Petitioner's PPRD

---

[1] See Respondents' Response to Petition (hereinafter Petition Response) (Doc. 6) at Ex. C.

to be August 9, 2011. Petitioner administratively appealed the decision of the parole commission on August 22, 2000. Id at Ex. E. On September 21, 2000, Petitioner's appeal was denied because the Commission found no cause to modify the assigned date. Id at Ex. F.

On December 8, 2001, Petitioner challenged the decision of the Parole Commission pursuant to a state petition for writ of habeas corpus in the Circuit Court in and for Lake County, Florida. Id at Ex. G. In his state habeas petition, Petitioner raised the following grounds for relief: (1) that the use of the 1978 Parole guidelines violated the Ex Post Facto Clause; (2) the use of the new guidelines in Petitioner's case resulted in cruel and unusual punishment; (3) the PPRD established by the Parole Commission violated the Double Jeopardy Clause of the United States Constitution; (4) the Commission abused its discretion in rejecting the recommendation of the hearing examiner; and, (5) the Commission violated Petitioner's due process and equal protection rights. On January 14, 2002, Petitioner's state habeas petition was denied. Id at Ex. I. In denying the Petition, the state found:

> First, Petitioner, who is serving a Life sentence for First Degree Murder, claims that application of Florida's 1978 Objective Parole Guideline Act to his [PPRD] constitutes a violation of the Ex Post Facto Clause of the United States Constitution because he committed his offense in 1976 prior to the statutory amendment to the parole laws. The Court finds that this claim has already been decided adversely to the Petitioner in Damiano v. Florida Parole and Probation Commission, 785 F.2d 929 (11th Cir. 1986);

Paschal v. Wainwright, 738 F.2d 1173, 1180 (11th Cir. 1984); Britt v. Florida Parole and Probation Commission, 417 So.2d 1079 (Fla. 1st DCA 1982); Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982), cert. den. 459 U.S. 9059[;] Wuolard v. Florida Parole and Probation Commission, 426 So. 2d 66 (Fla. 1st DCA 1983); and Jordan v. Florida Parole and Probation Commission, 423 So. 2d 450 (Fla. 1st DCA 1982).

Second, Petitioner claims that information used by the Commission as an aggravating factor to his PPRD is erroneous, that information being that subsequent to the murder, he forced a second victim at gunpoint to drive him to a designated location. Petitioner claims that the victim lied about this offense, and that because this offense was not prosecuted the Commission is precluded from using this information as an aggravating factor.

The Court finds that the Parole Commission was entitled to rely on this information contained in his Department of Correction inmate file because the Commission is entitled to rely on information compiled by the Department of Corrections in performance of it record-keeping duty pursuant to Section 945.25, Florida Statutes. Adams v. State, 560 So.2d 321 (Fla. 1st DCA 1990); Jones v. Florida Parole and Probation Commission, 413 So.2d 861 (Fla. 1st DCA 1983). The Commission properly used this information as an aggravating factor pursuant to Rule 23-21.010, Fla. Admin. Code. Aggravating factors may reflect crimes committed by the offender for which he was not charged. Calloway v. Florida Parole & Probation Commission, 431 So.2d 300 (Fla. 1st DCA 1983); Florida Parole & Probation Commission v. Griffin, 497 So. 2d 1242 (Fla. 2d DCA 1986).

Finally, Petitioner claims that the Parole Commission abused its discretion in applying a 60 month aggravation to his PPRD for 'the inmate has a history of mental health interventions.' The Court finds that this factor is supported by information in Petitioner's inmate file which reflects that Petitioner attempted suicide in July 1976, resulting in psychiatric evaluation, and that in April 1977 he reported to the psychiatric clinic at RMC complaining of insomnia

>and nightmares about his family. Inasmuch as the Commission considered this information as an indicant of negative parole prognosis, the Court finds no abuse of discretion. If the Commission deems that an appropriate aggravating circumstance exists in a particular case, the amount of time assessed is also discretionary and is not required to bear any relationship to the matrix time range for the offense of conviction or for offense behavior which forms the basis for the aggravation. <u>Benton v. Florida Parole & Probation Commission</u>, 418 So. 2d 1127 (Fla. 1st DCA 1982).

Petitioner's Petition for Writ of Certiorari was dismissed on May 17, 2002. <u>Id</u> at Ex. L. Petitioner filed the instant case on July 9, 2002.

## Claims of Petition

(1) The Parole Commission violated the Ex Post Facto Clause by using the 1978 Parole Guidelines to determine Petitioner's PPRD.

(2) The Parole Commission violated the Double Jeopardy Clause by aggravating his PPRD with an aggravated assault charge for which the state filed a no information.

(3) The Parole Commission abused its discretion and violated Petitioner's due process and equal protection rights by not considering the hearing examiner's PPRD of August 9, 2001.

(4) The aggravation of Petitioner's PPRD results in cruel and unusual punishment.

## Evidentiary Hearing

For the reasons stated below, Petitioner is not entitled to an evidentiary

hearing.[2] The pertinent facts of the case are fully developed in the record before the Court.[3] No additional evidentiary proceedings are required.[4]

## Merits of Claim

After the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[5] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[6] Moreover, each clause -- "contrary to" and "unreasonable application" -- provides a separate basis for review.[7]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[8] The AEDPA also directs that the factual findings of the state court are

---

[2] Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999).

[3] Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992).

[4] High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)) cert. denied, 121 S.Ct. 1237 (2001).

[5] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[6] See  28 U.S.C. § 2254(d)(1).

[7] Wellington V. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[8] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[9] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[10]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[11]

## Ground One

In ground one, Petitioner argues that the Commission's use of the 1978 guidelines to determine the PPRD on his 1976 conviction, served to increase the punishment for his crime because the Commission was allowed to consider an aggravated assault charge for which he was never convicted and his mental health history.[12] Petitioner alleges that his PPRD was increased five years on the basis of the assault charge and five years on the basis of his mental health history. Therefore, Petitioner asserts that the application of the 1978 guidelines to his PPRD

---

[9] See § 2254(e)(1).

[10] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[11] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002).

[12] In 1978, the Florida legislature passed the Objective Parole Guidelines Act (OPGA), Fla. Stat. Ann. §947.001-.24 (1983 Supp.). "Prior to OPGA the parole commission had discretion to release prisoners on a case-by-case basis in light of several relevant factors. OPGA, in an effort to eliminate the arbitrariness and capriciousness that had crept into the old system, required the commission to establish presumptive release dates based on the 'seriousness of the offense' and 'the likelihood of a favorable parole outcome.'" Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985).

determination violated the Ex Post Facto Clause of the United States Constitution.[13]

However, as recognized by the state court in its Order denying Petitioner's state habeas petition, this claim is foreclosed by the Eleventh Circuit's decision in Paschal v. Wainwright.[14] In that case, the Eleventh Circuit found that at the time the Petitioner was convicted, he knew he was subject to parole consideration only at the discretion of the Florida Parole Commission. The subsequently enacted OPGA, while creating guidelines for the Commission to follow in determining a PPRD, did not change the Commission's discretion. Therefore, there was no legislative increase in punishment and the application of the OPGA to persons convicted prior to its enactment, did not violate the Ex Post Facto Clause.

## Ground Two

In ground two, Petitioner alleges that the Parole Commission violated the Double Jeopardy Clause of the United States Constitution by aggravating his PPRD based on an aggravated assault charge for which Petitioner was never convicted. However, the Double Jeopardy Clause of the Fifth Amendment guarantees that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." In other words, the Double Jeopardy Clause protects a defendant against

---

[13] "The states are prohibited from enacting an ex post facto law. One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission. Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept " Garner v. Jones, 529 U.S. 244, 249-250, 120 S.Ct. 1362, 1367 (2000) (internal citations omitted).

[14] 738 F.2d 1173 (11th Cir. 1984).

multiple punishments for the same offense.[15]

In this case, Petitioner was never "punished" for the charge of aggravated assault. As Petitioner notes, the state filed a "no information" as to the assault charge, Petitioner was never convicted of that charge, and Petitioner was never sentenced with regard to that charge. Therefore, assuming that Petitioner can make such a challenge in the context of the Commission's setting of a PPRD,[16] Petitioner completely fails to explain how the Commission's use of that charge in aggravating his PPRD constitutes a double jeopardy violation.

To the extent that Petitioner actually seeks a review of the Commissions use of this charge in aggravating his PPRD, the Court will address the issue in ground three.

### Ground Three

In ground three, Petitioner alleges that the Parole Commission abused its discretion and violated Petitioner's due process and equal protection rights by not considering the hearing examiner's PPRD of August 9, 2001. Specifically, Petitioner alleges that the Commission should not have aggravated the PPRD recommended by the parole hearing examiner by adding five years for the assault charge and five years for his mental health history.

---

[15] See Williams v. Singletary, 78 F.3d 1510, 1512 (11th Cir. 1996) (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076 (1969)).

[16] See Jonas v. Wainwright, 779 F.2d 1576 (11th Cir. 1986) ("The double jeopardy clause does not apply to parole revocation proceedings, Garcia v. U.S., 769 F.2d 697-700 (11th Cir. 1985), and for the same reasons it does not apply to vacation of a presumptive parole release date.").

"The Commission may render a decision outside the matrix time range based on any competent and persuasive evidence relevant to aggravating or mitigating circumstances."[17]  "Additionally, the Commission is free to consider and apply aggravation or mitigation regardless of whether the parole examiner's recommendation included the same and the Commission is free to disregard any recommendation by the parole examiner and independently recompute the Salient Factor Score, Severity of Offense Behavior and apply any aggravation or mitigation deemed necessary."[18]

In this case, the information relied upon by the Parole Commission to aggravate Petitioner's PPRD was found in Petitioner's inmate file compiled by the Florida Department of Corrections.  There is no indication that this information was unreliable or false.  Moreover, the Commission obviously found that the information showed a negative parole diagnosis.  Accordingly, the Parole Commission did not abuse its discretion in rejecting the recommendation of the parole examiner and aggravating Petitioner's PPRD.

As to Petitioner's specific due process and equal protection claims, those claims are without merit.  "There is no constitutional right to parole unless the state creates a protectible liberty interest in the establishment of a parole system."[19]  The

---

[17] Rule 23-21.010(1), Fla. Admin. Code.

[18] Rule 23-21.010(4), Fla. Admin. Code.

[19] Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 931 (11th Cir. 1986) (citing Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100 (1979)).

state of Florida has created no such protectible interest because the ultimate decision is a matter of Commission discretion.[20] Therefore, Petitioner is not entitled to due process protection in this instance.

Additionally, in order to state an equal protection claim, the Petitioner must allege that he is similarly situated with other prisoners and that the Commission "engaged in invidious discrimination against him based on race, religion, national origin, poverty or some other constitutionally protected interest."[21] Petitioner alleges neither. Instead he merely states that the Commission violated his equal protection rights without explaining how it did so.

## Ground Four

In ground four, Petitioner argues that the aggravation of his PPRD results in cruel and unusual punishment. Specifically, Petitioner argues that it is cruel and unusual for the Commission to require him to serve an extra 10 years imprisonment beyond the 25-year minimum mandatory based on issues that are not true. However, this claim has no merit. It is well established in this Circuit that "the denial or postponement of parole is merely a disappointment rather than a punishment of cruel and unusual proportions."[22]

## **Conclusion**

For the reasons set forth in this order, the Petition for Writ of Habeas Corpus

---

[20] Damiano 785 F.2d at 932.

[21] Id at 932 - 933.

[22] Id at 933 (citing Craft v. Texas Board of Pardons & Paroles, 550F.2d 1054 (5th Cir. 1977)).

Pursuant to § 2254 is **DENIED**. The clerk is directed to enter judgment denying this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 14th day of June 2005.

_____
UNITED STATES DISTRICT JUDGE

c:  James Edward Rivers
    Counsel of Record